UNITED STATES DISTRICT COURT
District of Minnesota
Criminal No. 23-160 (NEB/JFD)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DANTRELL JOHNSON (2),<br><br>　　　　　Defendants | **GOVERNMENT'S RESPONSE IN OPPOSITION TO FEDERAL DEFENDANT RETURNING TO THE CUSTODY OF THE MINNESOTA DEPARTMENT OF CORRECTIONS** |

The United States of America, by its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, Justin A. Wesley and Samantha H. Bates, Assistant United States Attorneys, and Brian W. Lynch, Trial Attorney, United States Department of Justice Organized Crime & Gang Section, respectfully move this Court to deny the defendant's motion to return to state custody.[1]

## APPLICABLE LAW

A defendant is bound by federal law when they are charged in federal court and making a request to return to state custody. As Chief Justice Taft originally stated in *Ponzi v. Fessnden*:

> One accused of crime has a right to a full and fair trial according to the law of the government whose sovereignty he is alleged to have offended, but he has no more than that. He should not be permitted to use the machinery of one sovereignty to obstruct his

---

[1] DCD 308, 311.

1

trial in the courts of the other, unless the necessary operation of such machinery prevents his having a fair trial. He may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it. In re Andrews, (D.C.) 236 F. 300; United States v. Marrin, (D.C.) 227 F. 314. Such a waiver is a matter that addresses itself solely to the discretion of the sovereignty making it and of its representatives with power to grant it.[2]

The defendant in this case was placed in temporary federal custody until the completion of federal criminal proceedings due to a writ of habeas corpus ad prosequendum filed in this case, and the defendant is without standing to contest the issuance of such a writ.[3]

The defendant's custody status is therefore subject to the Bail Reform Act.[4] For defendants pending trial, "a judicial officer…shall order that such person be released or detained, pending judicial proceedings, under this chapter."[5] There is a rebuttable presumption in this case that no condition or combination of conditions will reasonably assure the safety of any other person and the community.[6] The factors to be considered are:

1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a controlled substance offense or firearm;

---

[2] *Derengowski*, 377 F.2d at 224 (citing 258 U.S. 254, 260 (1922).
[3] 45 (Johnson); *Derengowski v. U.S. Marshal, Minneapolis Office, Minn. Division,* 377 F.2d 223, 223-24 (8th Cir. 1967).
[4] 18 U.S.C. §§ 3141, et seq.
[5] 18 U.S.C. § 3141(a).
[6] 18 U.S.C. §§ 3142(e)(2) and (3)(B).

2) the weight of the evidence against the person;

3) the history and characteristics of the person; and

4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g). Notably, there is no direction in the Bail Reform Act for the Court to consider the state custody status of the defendant.

## ARGUMENT

**A. The Bail Reform Act**

The defendant's motion to be returned to state custody should be denied. To establish the first and second factors, the United States will be offering video footage of the brutal murder of an innocent civilian committed by the defendant and five of his accomplices, described in overt act 60 of the Indictment.[7] The United States will also be offering the defendant's state court plea transcript where he admits he was guilty of this murder for the benefit of a gang (the Highs). Additionally, the United States will be offering video of the shooting described in overt act 59 in the Indictment, which was committed hours before the murder by the defendant and an accomplice.[8] The first and second factors overwhelmingly weigh in favor of detention.

To establish the third factor, the United States will be relying on the

---

[7] Three of the accomplices are charged in this Indictment. The other two are juveniles.
[8] The accomplice in this shooting is Gregory Hamilton, one of the charged defendants related to the murder as well.

3

defendant's criminal history as detailed in his bond report. This factor also weighs in favor of detention.

Regarding the fourth factor, the United States could not find any binding case law to determine whether the defendant's state custody status is relevant. At least one 8th Circuit magistrate judge has determined that a federal defendant's inevitable return to state custody upon the conclusion of a writ is "largely irrelevant" to the Bail Reform Act.[9] Adopting a contrary position "would effectively mandate pretrial release from federal custody for any defendant appearing on a Writ."[10] Furthermore, "Congress could have specified, for example, that the fact a defendant would be returned to another jurisdiction's custody is a factor weighing in favor of releasing that defendant from federal custody."[11]

Even if the defendant's custody status is found to be relevant to the fourth factor, the United States intends to offer evidence that the defendant has been disciplined while in state custody for possessing pills and a white powdery substance on March 26, 2023, and for a fight on February 23, 2017. Because the defendant is charged with a federal offense, he should remain in federal custody under the care of the Attorney General.

Therefore, detention is appropriate under the Bail Reform Act.

---

[9] *United States v. Dimmick*, 82 F.Supp.3d 866, 870 (N.D. Iowa, Central Division 2015).
[10] *Id.*
[11] *Id.*

4

### B. The Defendant's Argument

The defendant essentially argues he should be allowed to return to state custody because he is serving a state court sentence.[12] The defendant cites no law or authority in his motion. The defendant does not even address the Bail Reform Act. The defendant's state custody status has no relevance to the nature or circumstances of the offense charged, the weight of the evidence against him, or his history and characteristics. Even if it had some bearing on the fourth factor, the evidence and information before the Court inextricably points to a finding of detention.

The defendant essentially requests the Court to ignore the factors the Bail Reform Act mandates the Court to consider in determining whether detention is appropriate. The defendant does not even lay out a clear path for the Court to navigate the Bail Reform Act and return the defendant to the Minnesota Department of Corrections. Therefore, his motion should be denied.

Finally, the defendant's argument about receiving GED programming were he to return to state custody is likely not the "temporary release…necessary for preparation of the person's defense or for another compelling reason" contemplated by the Bail Reform Act.[13]

---

[12] DCD 308 at 2 (the defendant "will remain in the custody of the Minnesota Department of Corrections until January 3, 2045.")
[13] 18 U.S.C. § 3142(i).

5

## CONCLUSION

Because there are no conditions or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community, the defendant should be detained. The defendant should therefore be committed to the custody of the Attorney General and kept separate from persons awaiting or serving sentences. Because there are no other compelling reasons to temporarily return the defendant to state custody, the defendant's motion should be denied.

ANDREW M. LUGER
United States Attorney

/s *Justin A. Wesley*
BY:   JUSTIN A. WESLEY
Assistant U.S. Attorney