

U.S. Department of Justice

United States Attorney
District of Minnesota

*600 United States Courthouse Telephone: (612) 664-5600*
*300 South Fourth Street        Fax: (612) 664-5787*
*Minneapolis, MN  55415*

November 4, 2024

*Filed via ECF*

The Honorable Nancy E. Brasel
United States District Judge
District of Minnesota
300 South Fourth Street
Minneapolis, Minnesota 55415

     Re:   *United States v. Montez Brown, et al.*
           Criminal No. 23-160 (NEB/JFD)

Dear Judge Brasel:

Pursuant to the Court's directive of October 28, 2024 (ECF No. 1510), the United States submits this letter to outline its view of Speedy Trial issues in this case, and to propose groupings of defendants and the reason for such groupings.

I.   *Statutory and Constitutional Speedy Trial Issues.*

    a.   <u>The Speedy Trial Act</u>.

In the view of the United States, no time has elapsed under the computations of the Speedy Trial Act.

A total of **40** defendant have been charged in an indictment and superseding indictments in this case.  (ECF No. 12, 450, 820.)  Of those defendants, **21** have pleaded guilty, and **19** are still pending guilty plea or trial.

The Honorable Nancy E. Brasel
November 4, 2024
Page 2

The first indictment charging 25 defendants was filed in this case on April 26, 2023. (ECF No. 12.) Defendants made their initial appearances between May 1 and May 3, 2024. At the first initial appearance the United States moved for detention for all defendants. (ECF No. 52, 56, 58, 60, 62, 64, 66–67, 70, 72, 74, 76, 88–89, 92, 97–98, 100, 102, 104, 108, 120, 122.) Since there was a pending motion, the Speedy Trial clock was tolled: time between the filing of a motion and the conclusion of the hearing or other prompt disposition of the motion tolls the Speedy Trial clock. 18 U.S.C. § 3161(h)(1)(D); *United States v. Hohn*, 8 F.3d 1301, 1305 (8th Cir. 1993) (excluding time from speedy trial calculation for motion to revoke pretrial detention). Moreover, "exclusions of time attributable to one defendant apply to all codefendants." *United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014).

On May 4, 2024, prior to detention hearings, the United States moved for the case to be designated as complex. (ECF No. 128.) That motion was granted in part on May 16, 2024. (ECF No. 288.) The Magistrate Court ordered the exclusion of time from computation under the Speedy Trial Act time from May 16, 2024, until August 4, 2024. (*Id.* at 2.)

During this original period of exclusion, the Magistrate Court subsequently ordered additional exclusions, ultimately extending the exclusion of time from computation under the Speedy Trial Act until August 21, 2024. (ECF No. 666 (extending until June 26, 2024), 1164 (extending until August 21, 2024).)

On August 21, 2024, eight defendants filed pretrial motions, including motions to suppress evidence. (ECF No. 1284–1335). Reports and recommendations are still pending on those motions, and the Speedy Trial clock remains tolled until the report and recommendations are adopted by the Court. 18 U.S.C. § 3161(h)(1)(D).

On November 8, 2023, and March 6, 2024, superseding indictments were filed charging an additional 15 defendants. (ECF No. 450, 820.)

In sum, time under the Speedy Trial Act began to be tolled upon the government's motion for detention at the defendants' initial appearances; it remained tolled based on court-ordered exclusions and the defendants' filing of a multitude of motions. No time has therefore elapsed under the Speedy Trial Act.

The Honorable Nancy E. Brasel
November 4, 2024
Page 3

    b.    <u>The Sixth Amendment</u>.

Of course, in addition to the calculations of the Speedy Trial Act, the defendants have rights to a speedy trial under the Sixth Amendment. The United States shares the defendants' interest in a prompt trial in this case. Justice and public interest demand a speedy trial just as the defendants do. To that point, the parties have moved expeditiously in this case.[1]

Discovery is extraordinarily voluminous in this case, consisting of 38,866 documents, over 6.8 terabytes of cellphone extractions, 145 hours of audio recordings, 381 gigabytes of social media returns, and over 4000 hours of body-worn camera footage. Given the size and scope of the case, the parties continually negotiated extensions in the complex case designations. Despite that scale, the case has moved quickly. 21 defendants have resolved their cases. The remaining 19 defendants are engaged in litigation of a multitude of complex legal and suppression issues. Defendants pending trial have filed more than 80 motions in this case. Despite the large scale and complex nature and scope of this case, the process has proved efficient and prompt. *Cf. United States v. Williams, et. al.*, 18-cr-1695 (D. Ariz), a 19-defendant RICO conspiracy case—charged on August 23, 2018—that currently remains pending trial.

    c.    <u>The Government's Request Regarding Trial Preparation</u>.

The United States respectfully requests that the Court set a date for trials to begin in this case on or after May 1, 2025.

As noted above, this is a case of unusual size and scope. The Second Superseding Indictment charges 40 defendants and 193 overt acts. (ECF No. 820.) This indictment is among the largest ever brought in this District. Discovery is not only voluminous but complex, involving murders, shootings, and drug trafficking. The case will require dozens of civilian and law enforcement witnesses, as well as testimony from expert witnesses and from numerous cooperating defendants and informants. Time from this filing until May is necessary to marshal the significant amounts of evidence in this case,

---

[1] The status of the Speedy Trial computation is relevant as well. As the Eighth Circuit has noted, it "would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." *United States v. Jeanetta*, 533 F.3d 651, 656 (8th Cir. 2008).

The Honorable Nancy E. Brasel
November 4, 2024
Page 4

to prepare for efficient examination of witnesses, and to ensure the safety and security of civilian and cooperating witnesses in this case.

As noted above, the case has moved efficiently and expeditiously. There have been no unnecessary delays in the case. Defendants filed more than 80 motions in this case that require pretrial resolution after extensive briefing. The parties litigated these motions efficiently, and the Court is considering the motions promptly. In short, this case is on track.

II.    *The Government's Grouping Proposal.*

   a.    Background.

As to the date of this filing, the following 19 defendants are pending trial:

| # | Indict. # | Defendant | Counsel |
|---|---|---|---|
| 1 | 2 | Dantrell Johnson | John C. Conard |
| 2 | 3 | Gregory Hamilton | Bruce D. Nestor |
| 3 | 4 | Keon Pruitt | Daniel L. Gerdts |
| 4 | 6 | Tyreese Giles | Bruce Rivers |
| 5 | 7 | Josiah Taylor | Peter B. Wold |
| 6 | 9 | Jarrett Robinson | Lousene M. Hoppe |
| 7 | 10 | Trevaun Robinson | Paul C. Engh |
| 8 | 14 | Cortez Blakemore | Marcus L. Almon |
| 9 | 19 | William Banks | Catherine L. Turner |
| 10 | 21 | William Johnson | C. Connor Cremens |
| 11 | 23 | Ernest Boyd | Arthur Waldon, IV |
| 12 | 26 | Gregory Brown | Daniel P. Repka |
| 13 | 27 | Marques Walker | Kevin C. Riach |
| 14 | 31 | Christopher Washington | Glenn P. Bruder |
| 15 | 32 | Ernest Ketter | Jill A. Brisbois |
| 16 | 33 | Robert Lesure | George R. Dunn |
| 17 | 38 | Ja'Darius Wright | Andrew S. Birrell |
| 18 | 39 | Carlos Serrano | Mary Shaw |
| 19 | 40 | Ronnell Lockhart | Matthew J. Mankey |

The Honorable Nancy E. Brasel
November 4, 2024
Page 5

    b.    <u>The Government's Grouping Proposal</u>.

The United States proposes the following groupings of defendants for trial. In the view of the United States, these groupings represent a logical and efficient delineation of defendants that will provide for maximize judicial economy and fairness to the parties. Defendants have been arranged to provide the jury a full and fair view of the nature and scope of the conspiracy alleged. While in a RICO case all enterprise evidence is admissible against all defendants, these groups will focus on key evidence to maximize efficiency and ensure fairness.

    1.    **Trial Group 1**. Two defendants in this group—Hamilton and Johnson—are charged with RICO Conspiracy (Count 1) and with using a firearm during and in relation to a crime of violence causing death in the murder of Victim J. in violation of 18 U.S.C. § 924(j) (Count 2). Johnson also is charged with drug conspiracy (Count 3). One defendant—Taylor—is charged with RICO conspiracy (Count 1), drug conspiracy (Count 3) and § 924(c) (Count 7). While not separately charged, Taylor is also alleged to have killed Victim L., a member of the Lows, as an overt act. (ECF No. 450 at 20 (Overt Act 79).) One defendant—Robinson—is charged with RICO conspiracy (Count 1), drug conspiracy (Count 3), and § 924(c) (Count 6). One defendant—Brown—is charged with RICO conspiracy (Count 1) and drug conspiracy (Count 3).

| Indict. # | Defendant | Counsel | Charge |
|---|---|---|---|
| 3 | Gregory Hamilton | Bruce D. Nestor | 1. RICO Conspiracy<br>2. § 924(j) |
| 7 | Josiah Taylor | Peter B. Wold | 1. RICO Conspiracy<br>3. Drug Conspiracy<br>7. § 924(c) |
| 9 | Trevaun Robinson | Paul C. Engh | 1. RICO Conspiracy<br>3. Drug Conspiracy<br>6. § 924(c) |
| 21 | William Johnson | C. Connor Cremens | 1. 1. RICO Conspiracy<br>2. § 924(j)<br>3. Drug Conspiracy |
| 26 | Gregory Brown | Daniel P. Repka | 1. RICO Conspiracy<br>3. Drug Conspiracy |

The Honorable Nancy E. Brasel
November 4, 2024
Page 6

      2.    **Trial Group 2**. Two defendants in this group—Johnson and Pruitt—are charged with RICO conspiracy (Count 1) and using a firearm during and in relation to a crime of violence causing death in the murder of Victim J. in violation of 18 U.S.C. § 924(j) (Count 2). One defendant—Giles—is charged with RICO conspiracy (Count 1). Two defendants—Banks and Walker—are charged with RICO conspiracy (Count 1) and drug conspiracy. (Count 3).

| Indict. # | Defendant | Counsel | Charge |
|---|---|---|---|
| 2 | Dantrell Johnson | John C. Conard | 1. RICO Conspiracy<br>2. § 924(j) |
| 4 | Keon Pruitt | Daniel L. Gerdts and John C. Brink | 1. RICO Conspiracy<br>2. § 924(j) |
| 6 | Tyreese Giles | Bruce Rivers | 1. RICO Conspiracy |
| 19 | William Banks | Catherine Turner | 1. RICO Conspiracy<br>3. Drug Conspiracy |
| 27 | Marques Walker | Kevin C. Riach | 1. RICO Conspiracy<br>3. Drug Conspiracy |

      3.    **Trial Group 3**. This group focuses more on the drug charges of the Superseding Indictment. All defendants are charged with drug conspiracy (Count 3). Two defendants—Blakemore and Lockhart—are charged with RICO conspiracy (Count 1). One defendant—Wright—is charged with drug conspiracy (Count 3), drug distribution (Count 9) and possessing with the intent to distribute drugs (Count 10). One defendant—Serrano—is charged only with drug conspiracy (Count 3).

| Indict. # | Defendant | Counsel | Charge |
|---|---|---|---|
| 14 | Cortez Blakemore | Marcus L. Almon | 1. RICO Conspiracy<br>3. Drug Conspiracy |
| 38 | Ja'Darius Wright | Andrew S. Birrell and Ian Birrell | 3. Drug Conspiracy<br>9. Drug Distribution<br>10. PWID Drugs |
| 39 | Carlos Serrano | Michael Bernays | 3. Drug Conspiracy |
| 40 | Ronnell Lockhart | Matthew J. Mankey | 1. RICO Conspiracy<br>3. Drug Conspiracy |

4. **Trial Group 4**. This group also focuses more on the drug charges of the Superseding Indictment. Four defendants in this group—Robinson, Washington, Ketter, and Lesure—are charged with RICO conspiracy (Count 1). Four defendants—Boyd, Washington, Ketter, and Lesure—are charged with drug conspiracy (Count 3). Boyd is also charged with two counts of violations of § 924(c) (Counts 4 and 5).

| Indict. # | Defendant | Counsel | Charge |
|---|---|---|---|
| 9 | Jarrett Robinson | Lousene M. Hoppe | 1. RICO Conspiracy |
| 23 | Ernest Boyd | Arthur Waldon, IV and Charles L. Hawkins | 3. Drug Conspiracy<br>4. 924(c)<br>5. 924(c) |
| 31 | Christopher Washington | Glenn P. Bruder | 1. RICO Conspiracy<br>3. Drug Conspiracy |
| 32 | Earnest Ketter | Jill A. Brisbois | 1. RICO Conspiracy<br>3. Drug Conspiracy |
| 33 | Robert Lesure | George R. Dunn | 1. RICO Conspiracy<br>3. Drug Conspiracy |

Please let me know if the United States can provide any additional information.

    Respectfully,

    ANDREW M. LUGER
    United States Attorney

    *s/Thomas Calhoun-Lopez*
By:    Thomas Calhoun-Lopez
    Albania Concepcion
    Jordan L. Sing
    Assistant United States Attorneys

    Brian W. Lynch
    Violent Crimes and Racketeering
    U.S. Department of Justice
    Washington, DC 20530