**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

26. GREGORY BROWN,
a.k.a Lil' G,
a.k.a Knowledge,

Defendant.

Case No. 23-cr-160 (NEB/JFD)

**MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through Daniel N. Rosen, United States Attorney for the District of Minnesota, and Craig R. Baune, Assistant United States Attorney, respectfully moves this Court for a Preliminary Order of Forfeiture pursuant to 18 U.S.C. § 1963 and Fed. R. Crim. P. 32.2.

## I. BACKGROUND

On February 12, 2025, a federal grand jury in the District of Minnesota returned a Third Superseding Indictment against Defendant Gregory Brown. ECF No. 1708. The Third Superseding Indictment charged the Defendant with Count 1, Racketeer Influenced and Corrupt Organization (RICO) Conspiracy, in violation of 18 U.S.C. § 1962(d).

The Forfeiture Allegations provided notice that the United States sought forfeiture, pursuant to Title 18, United States Code, Section 1963, of:

a. any interest acquired or maintained in violation of section 1962;

b. any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendant[s] established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962; and

c. any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of 1962.

On June 20, 2024, the Government also filed a Second Bill of Particulars (ECF No. 1149) that included $5,000 in U.S. Currency ("the Currency").

On June 5, 2025, after a lengthy trial, Jury returned a guilty verdict against the Defendant on Count 1 of the Third Superseding Indictment, and a verdict on not guilty on Count 3 of the Third Superseding Indictment, Conspiracy to Distribute Controlled Substances. ECF No. 2067. On December 18, 2025, the Court denied Brown' s Motion for Acquittal in an order that stated, among other things:

> Brown. Knight testified that Brown was one of the more respected members of the Highs. Avante Nix, another cooperating witness, added that Brown is in the clique EMB ("Emerson Murder Boys") within the Highs. Knight and Nix explained that Brown created rap videos (such as one titled "Not from the Lows") that were intended to "troll" and disrespect their rival gang, the Lows. Nix testified at length about his drug trafficking partnership with Brown for the benefit of the Highs.

ECF No. 2446 at 6.

## II. ARGUMENT

Rule 32.2(b) of the Federal Rules of Criminal Procedure provides that:

(b) Entering a Preliminary Order of Forfeiture.

(1) Forfeiture Phase of the Trial.

> (A) Forfeiture Determinations. As soon as practical after a verdict or finding of guilty,. . . on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.
>
> (B) Evidence and Hearing. The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(2) Preliminary Order.

> (A) Contents of a Specific Order. If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property . . . The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Through Count 1, the Defendant was charged with RICO Conspiracy. The United States introduced significant evidence that Brown and his co-defendants were heavily involved in various violent criminal activities through which they used firearms in furtherance of a criminal enterprise, and which had the purpose of enriching its members through narcotics dealing, robbery, and firearms trafficking, and

which attacked and retaliated against rival gangs through acts of violence including murder, assault and other criminal acts. The centrality of currency to this criminal enterprise was set forth in detail at trial.

The currency at issue in this motion was all a part of that criminal enterprise. It was acquired or maintained in violation of section 1962, and it afforded a source of influence of the criminal organization. As is set forth in the Declaration of Bryan Lervoog, the Currency was seized on October 16, 2023, from Safe Deposit Box 0000113 at a US Bank Branch located at 30 4th St. NE, Minneapolis, Minnesota pursuant to a search and seizure warrant issued in Case No. 23-mj-2023 (JTH). The Affidavit in support of the search warrant noted that Brown had opened the safe deposit box on September 3, 2022, and that there was significant evidence that Brown was engaged in gang activity that included narcotics trafficking. That evidence included Cash App records showing thousands of dollars of payments going back and forth between Brown and other Highs members, such as Montez Brown, Deandre Poe and Robert Lesure. It also included numerous flights to Arizona with a co-defendant to obtain fentanyl. Lervoog Dec. ¶¶ 21-26.

As was set forth at trial, Brown was an active participant in the RICO conspiracy, and the conspiracy's main activities centered around narcotics and guns. Brown acquired cash through the conspiracy and exchanged drug money with other Highs members in furtherance of the conspiracy. His acquisition and exchange of money with other gang members also afforded him influence within the gang. Moreover, because Brown was convicted of a RICO conspiracy, he is required to

forfeit all proceeds of the enterprise or conspiracy; his forfeiture is not limited to the specific instances or substantive counts within that conspiracy. *See United States v. Hively,* 437 F.3d 752, 763 (8th Cir. 2006) (defendants convicted of racketeering in violation of RICO may be made to forfeit all proceeds of the enterprise or conspiracy, including proceeds arising from specific predicate acts of which they were acquitted); *see also*, *e.g., United States v. Capoccia,* 503 F.3d 117-18 (2d Cir. 2007) (J. Sotomayor) ("[w]here the conviction itself is for executing a scheme, engaging in a conspiracy, or conducting a racketeering enterprise," the proceeds for purposes of forfeiture include the proceeds of "that scheme, conspiracy, or enterprise").

Stated otherwise, the Currency was acquired or maintained in violation of § 1962, and it afforded the Defendant a source of influence over the criminal enterprise. The Currency is subject, therefore, to forfeiture pursuant to 18 U.S.C. § 1963 as a result of Count 1 of the Indictment.

Federal Rule of Criminal Procedure 32.2(b)(3) and 18 U.S.C. § 1963(e) authorize the United States to seize and maintain custody of property identified in any preliminary order of forfeiture pending the determination of any third-party claims of an interest in such property. Section (I)(1) of § 1963 provides that, following the entry of an order of forfeiture, the United States shall publish notice of the order and may also provide direct written notice of the order to persons known to have alleged an interest in the property.

Sections 1963(l)(2)-(6) of Title 18 set out the process by which third parties asserting a legal interest in the property can obtain a judicial determination of the

validity of the legal claims or interests they assert. Pursuant to Section 1963(l)(7), following the disposition of all third-party petitions or, if no such petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the property that is the subject of the order of forfeiture.

## III. CONCLUSION

For the foregoing reasons, the United States moves this Court for a Preliminary Order of Forfeiture for the Currency.

Respectfully submitted,

Dated: 4/6/2026

DANIEL N. ROSEN
United States Attorney

*s/Craig Baune*
BY: CRAIG R. BAUNE
Assistant U.S. Attorney
Attorney ID No. 331727
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
612-664-5600
Craig.baune@usdoj.gov