*Minnesota Department of Corrections*

# Hearings and Release Unit

1450 Energy Park Drive, Suite 200; St. Paul, MN 55108-5219
(651) 361-7107

Violation Hearing

| | | | |
|---|---|---|---|
| **OID:** | 243644 | **Releasee Name:** | Brown, Gregory Jerome |
| **Hearing Date:** | 05/12/2026 | **Hearing Location:** | Sherburne County Jail |
| **Agent/CW:** | Janet Pagel | **Attorney:** | Laura Heinrich/Adkins, Dan |
| **Warrant Issued:** | 10/24/2022 | **Arrest Date:** | 10/28/2023 |
| **Last Confinement Release:** | 08/04/2020 | **Release Status:** | Standard Confinement |
| | | **Supervision Abatement:** | No |

**Offenses**

Traffic - DWI - Operate Motor Vehicle - Alcohol Concentration 0.08 Within 2 Hours

| | |
|---|---|
| **Confinement Release:** | 03/30/2021 |
| **Max Confinement:** | 04/02/2027 |
| **Termination:** | 04/02/2027 |
| **Conditional Release Commencement:** | 03/30/2021 |
| **Conditional Release Termination:** | 04/02/2027 |

**Certification of Procedural Rights:** Offender was informed of procedural rights.

| Hearing Type | Disposition | Days | Credit From Date |
|---|---|---|---|
| Violation Hearing | Revoke Days | 365 | 10/28/2023 |

**Decision Commentary:**

The decision today is to revoke Mr. Brown Jr's Conditional Release and assign 365 days reimprisonment time from his date of arrest October 28, 2023.

HRU is making a finding of unamenable to supervision and an ongoing risk to the public as required by Promulgated Rules, Chapter 2940.3800 Subd. D.

This case meets the criteria for Cap on Incarceration for First Time Offenders (per M.S. 244.30, 2009). However the Incarcerated Person (IP) is in his Conditional Release term of supervision and substantial and compelling factors exist.

The IP has a MN Starr classification of Medium.

The IP's aggravating factors are: extensive criminal history; criminal history involves assault(s), violence, weapon(s) use/possession, victim injury; multiple violations of the current release; and 369 days fugitive warrant status.

The IP's mitigating factors are: no previous violations; alternative programming available in the community; significant amount of time completed on supervision; and significant amount of local time 928 days from date of arrest October 28, 2023, until today's Morrissey Hearing May 12, 2026.

On August 4, 2020, the IP was released from a Minnesota Correctional Facility to Work Release.

On March 29, 2021, the IP completed Work Release on his Statutory Dependence Date and was transferred to a private residence on Supervised Release (SR) in his Conditional Release term of supervision. While in the community the IP had a satisfactory adjustment to supervision. The IP was able to maintain residence.

On October 24, 2022, a Minnesota Department of Corrections warrant was issued as the IP absconded supervision.

On October 28, 2023, the IP was apprehended in Harris County, Texas, after accruing 369 days of fugitive stop time.

On November 8, 2023, the IP was returned to MCF Lino Lakes.

On November 15, 2023, the IP was taken from MCF Lino Lakes on a Federal Writ.

On June 5, 2025, the IP was convicted in United States District Court for the District of Minnesota of Count I: Racketeer Influenced and Corrupt Organizations (RICO) Conspiracy (Violation of 18 U.S.C. § 1962(d)). Sentencing was scheduled for May 18, 2026.

The IP's violation behaviors include failure to remain in the State of Minnesota and failure to remain law abiding. The violation behaviors appear intentional and inexcusable. The IP's behavior presents significant concern for public safety.
Given the identified dispositional factors, commission of a felony, and absconding supervision, the decision to revoke is warranted at this juncture.

IP must avoid conviction of discipline violations while incarcerated or HRU may extend PRD. A discipline report conviction/Waiver sentence will result in an extension of and RV's projected date by one day for every three days served in segregation.

The facility staff, without an additional hearing, will calculate PRD extensions. In the event IP receives a discipline segregation penalty which exceeds the PRD, the facility staff will complete a manual adjustment of the PRD to the segregation completion date.

Re-release is also contingent upon an agent-approved plan.

**Note: All Projected Release Dates (PRD) are approximate dates**

**Extended incarceration time will adjust PRD as the result of discipline.**

| Alleged Violations | Plea | Finding |
|---|---|---|
| 1.) Failed to remain in state of MN (apprehended outside of MN) | Admit | Violation Found |
| 2.) *Failed to remain law abiding (felony) | No Contest | Violation Found |

**Violation Findings Commentary:**

1.) Based upon the IP's own admission to the allegation, preponderance of evidence has been met. The IP is found in violation.
2.) Counsel entered a no contest plea to the allegation on the IP's behalf. They will stipulate that based upon what has been provided within the violation narrative and report along with any available Agent testimony that there is enough evidence to meet the preponderance of evidence standard.

On June 5, 2025 the IP was convicted in United States District Court for the District of Minnesota of Count I: Racketeer Influenced and Corrupt Organizations (RICO) Conspiracy (Violation of 18 U.S.C. § 1962(d)).

Sentencing is scheduled for May 18, 2026.

The IP is found in violation as Preponderance of Evidence has been established based upon the Criminal Jury Trial Court Minutes dated June 5, 2025, regarding case 23-CR-160.

**Agent Recommendations:**

(Taken from Agent's Violation Report)
Mr. Brown had been compliant with reporting without incident and was allowed to report alternating video and in person once a month. However, this agent had suspected that Mr. Brown moved from his residence in MN and stopped all video reporting and required him to report in-person at all appointments. A home visit was scheduled for 9/12/2022. Mr. Brown had admitted he had not been truthful and had not lived at the reported address. He gave a St. Paul address, and a home visit was conducted. He was not at the address at the scheduled time. When he arrived, I asked him to unlock the door and show me he had access to the house. He unlocked the door. He stated he lived with his friend, and it was her house. This agent still had reason to believe that he did not reside at this house per information from the Minneapolis police.

This agent received a phone call from a Texas lawyer on 10/19/2022 informing me that he is representing Mr. Brown and he was arrested and charged with F-DWI and 2 counts of Assault on a police officer in Harris County TX. (179018401010)

A warrant was issued in Mn 10/21/2022. Mr. Brown was picked up on the warrant at the airport in Texas and was transported back to Mn and held at MCF Lino Lakes until 11/15/2023. He was then taken into Federal custody and was indicted on RICO conspiracy and Conspiracy to Distribute controlled substances. He has remained in federal custody and was convicted of Racketeer influenced of a Corrupt Organization on 6/5/2025. He has not been sentenced as of this date. The state of Texas has dismissed the F-DWI and Assault charges. At no time did Mr. Brown have paroles permission to leave the state of MN and live in the state of TX.

Due to Mr. Browns living in another state without permission and the seriousness of the new Federal conviction, parole recommends a full revocation of this case.

**Release Attorney Recommendations:**

Counsel states that Mr. Brown was arrested prior to the MN DOC warrant in the State of Texas and charged with Felony DWI and Assault. He was released by the Harris County District Court and required to remain in Texas while awaiting resolution of this case. Counsel notes that her client was caught in a difficult spot as he had a warrant but was also required to remain in the State of Texas by the court. Ultimately the case was dismissed.

On June 5, 2025, Mr. Brown was found guilty in US Federal Court and as referenced has an upcoming sentencing date where he is facing a sentence of 47-63 months.

Counsel states that as referenced her client now has 928 days of incarceration credit. He had housing and community support at the time of the warrant.

Counsel states that given the significant term of incarceration served they are respectfully proposing Mr. Brown be Restructured and allowed to remain subject to the Federal Writ. She states that Mr. Brown is not going to be released as he has a Federal hold in place. Counsel reminds the parties that the Federal Courts do not give credit for time a person is serving on a state term of incarceration so resolution of this matter is important to allow his hold to be resolved and to allow for incarceration credits to be determined.

**Crim/Release Information:**

369 Days Fugitive Stop Time///ECRC Level: None///Current Status: Std. Conf.///HRU: 11/27/23 Detention Review Hrg: Unavailable as IP was on Writ to Federal Case; (Prior Historical): 09/15/18 Revoke 180 days or less and CD Mandate: 1) Failureto remain law abiding (F) DWI; 07/02/18 Detention Review Hrg: , Continue Custodial Detention 60 days or less: 02/05/18 Detention Review Hrg: Continue Custodial Detention 150 days or less; 01/29/18 Extend PRD 7 days or less to allow Private Attorney to attend hearing; 11/02/17 Bifurcated Hrg: Revoke 100 days / Custodial Detention 100 days or less: 1) (PC) Failureto remain law abiding, 2) Failure to maintain contact///COMS Directives History: 05/12/2014-Chemical Dependency: Complete Primary Programming-Completed///SO Program History: NA///CD Program History: 06/12/2020 Exit TRIAD Primary: Completed (12/05/2018 - 06/12/2020), 06/12/2019 Exit Triad Aftercare: Completed (06/12/2019 - 06/12/2019), 06/12/2019 Entered Triad Aftercare, 12/05/2018 Entered TRIAD Primary, 10/10/2018 Recommended High Need Treatment Programming, 10/10/2018 DOC Diagnostic: Positive, 06/09/2015 Refused Atlantis, 04/22/2014 Recommended High Need Treatment Programming, 04/22/2014 DOC Diagnostic: Positive///COMS Mental Health :NA///Discipline: 2015: Mandated Treatment Failure/Refusal-Chemical Dependency (CD)///STG: Emerson Murder Boys (EMB)-01/17/2021-05/15/2025-Active STG Member///Criminal History: 03/23/2014 Felony 169A.20.1(5) Traffic - DWI - Operate Motor Vehicle - Alcohol Concentration 0.08 Within 2 Hours (Ramsey),07/26/2013 Gross Misdemeanor 171.24.5 Traffic-DL-Driving after cancellation-inimical to public safety (Stearns),07/17/2013 Gross Misdemeanor 171.24.5 Traffic-DL-Driving after cancellation-inimical to public safety (Clay),05/29/2013 Gross Misdemeanor 171.24.5 Traffic-DL-Driving after cancellation-inimical to public safety (Anoka),04/20/2013 Gross Misdemeanor 171.24.5 Traffic-DL-Driving after cancellation-inimical to public safety (Anoka),03/03/2013 Felony 609.222.1 Assault-2nd Degree-Dangerous Weapon (Hennepin),05/16/2012 Gross Misdemeanor 171.22.1(8) Drivers' Licenses - Use False Name/DOB To Identify Self to Police (Hennepin),02/17/2012 Misdemeanor DWI Driving While Impaired (DWI) (North Dakota),02/18/2011 Gross Misdemeanor 609.485.2(1) Escape From Custody-Held Pursuant to Lawful Arrest, While on Charge or Conviction or Adjudication (Hennepin),02/16/2011 Felony Drugs Drug Offense (North Dakota),10/26/2010 Gross Misdemeanor 171.24.5 Traffic-DL-Driving after cancellation-inimical to public safety (Hennepin),06/17/2010 Gross Misdemeanor 169A.20.1(1) Traffic - DWI - Operate Motor Vehicle Under Influence of Alcohol (Hennepin),12/06/2009 Misdemeanor 171.24(2) Driving after revocation (Hennepin),05/05/2009 Gross Misdemeanor 169A.20.1(5) Traffic - DWI - Operate Motor Vehicle - Alcohol Concentration 0.08 Within 2 Hours (Hennepin),02/23/2009 Gross Misdemeanor 169A.20.2 Traffic - DWI - Refuse to Submit to Chemical Test (Hennepin),12/19/2008 Misdemeanor 609.72.1(3) Disorderly Conduct-Offensive/Abusive/Noisy/Obscene (Hennepin),11/13/2008 Misdemeanor 171.24(1) Driving after suspension (Hennepin),09/25/2008 Misdemeanor 340A.503(1)(a)(2) Consuming alcohol under 21 years old (Hennepin),09/14/2008 Misdemeanor 609.2242.1(1) Domestic Assault-Misdemeanor-Commits Act to Cause Fear of Immediate Bodily Harm or Death (Hennepin),08/13/2008 Misdemeanor 171.24(1) Driving after suspension (Hennepin),08/04/2008 Felony Drugs Drug Offense (North Dakota),06/21/2008 Misdemeanor 171.24(1) Driving after suspension (Hennepin),05/08/2008 Misdemeanor 171.24(1) Driving after suspension (Hennepin),05/06/2008 Misdemeanor 171.24(1) Driving after suspension (Hennepin),04/27/2008 Misdemeanor 169.791(2) Fail to produce proof of insurance - whether or not the owner (Hennepin),04/27/2008 Misdemeanor 171.24(1) Driving after suspension (Hennepin),04/22/2008 Misdemeanor 171.24(1) Driving after suspension (Hennepin)///

**Hearing Officer:** ______________ **Dated:** 05/12/2026

Brandon Carlson, Hearings and Release Officer

Distribution: Original - Base File 2. Releasee
1. Supervising Agent 3. Atty/Legal advocate